UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KWIK-SEW PATTERN CO., INC.,

    Plaintiff,

v.                                        Case No. 1:08-CV-309

DEREK GENDRON, LYNN GENDRON,            HON. GORDON J. QUIST
DEGE NETWORK LLC d/b/a
MONSTERPATTERNS.COM, and
PROGRESSIVE DATA TECH LLC,

    Defendants.
_____/

**ORDER**

      By Order entered on August 11, 2008, the Court ordered Plaintiffs to submit, in support of their request for attorney fees in their motion for default judgment against Defendant DeGe Network LLC, an affidavit of counsel and a statement of attorney fees and costs showing the hourly rate(s) of the attorneys who performed work on this matter and containing a description of the work performed and the time spent on each item of work. In response, Plaintiffs have filed an affidavit of counsel and billing statements. While the billing statements identify the attorney by initials and the number of hours spent on a particular work item, the descriptions of the work have all been redacted, such that there is no indication of what, if anything, was done. Plaintiff's counsel explains that the redactions were made to preserve the attorney-client privilege, although counsel states that Plaintiff is willing to provide unredacted statements of invoices to the Court for an in-camera review. (Bonnema Aff. ¶ 3.) Plaintiff has followed the same format with the billing statements submitted in support of its motion for default judgment against Defendant Progressive Data Tech LLC.

The assertion that descriptions of work in billing records are protected by the attorney-client privilege has generally been rejected. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) ("Typically, the attorney-client privilege does not extend to billing records and expense reports."); *O'Neal v. United States*, 258 F.3d 1265, 1276 (11th Cir. 2001) ("Indeed it is the law of this circuit that information involving receipt of attorneys' fees from a client is not generally privileged."). In *Ideal Electronic Security Co. v. International Fidelity Insurance Co.*, 129 F.3d 143 (D.C. Cir. 1997), the D.C. Circuit held that by making a claim for reasonable attorney fees, the defendant surety company waived any attorney-client privilege with respect to redacted portions of billing statements and any other communications regarding the reasonableness of the fee amount. *See id.* at 151-52. The court also rejected in camera review of unredacted billing statements as adequate because the opposing party was entitled to examine the statements to mount a defense regarding the reasonableness of the hours spent on the matter. *See id.*

While the Court finds the D.C. Circuit's reasoning persuasive, Plaintiff's request is in the context of a default judgment, in which the defaulting party has failed to defend. Accordingly, under the circumstances, the Court will allow Plaintiff to submit unredacted billing records for in camera review. Therefore,

**IT IS HEREBY ORDERED** that within **ten (10)** days of the date of this Order, Plaintiff shall submit unredacted billing statements for the Court to review in camera with regard to the pending motions for default judgment. Failure to submit the billing statements within that time shall result in a waiver of Plaintiff's right to attorney fees.

Dated:  September 25, 2008            /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE