UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KWIK-SEW PATTERN CO., INC.,

       Plaintiff,                                            Case No. 1:08-CV-309

v.                                                             Hon. Gordon J. Quist

DEREK GENDRON, et al,

       Defendants.
_____/

**ORDER DENYING DEFENDANTS DEREK GENDRON'S AND LYNN GENDRON'S
EMERGENCY MOTIONS FOR CLARIFICATION AND DIRECTION**

Pending before the court are companion motions by defendants Derek Gendron and Lynn Gendron "for clarification and direction by this court regarding order setting Rule 16 scheduling order" (docket nos. 76 and 78, respectively).

The motions are identical and request an emergency "in person" hearing for clarification of this court's routine order scheduling the Rule 16 conference. Defendants state that they "do not understand and do not have the capacity to digest what is written in this order." Defendants state they need clarification "on all points" and it is not clear to them what their responsibilities are. Both defendants ask the court to explain the order to them.

The simplicity of the order speaks for itself. It is written in plain English. Among other things, the order provides in paragraph 4 as follows:

> At least seven days before the Rule 16 Conference, counsel (or unrepresented parties) shall meet to discuss the following: the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a

discovery plan, and other topics listed below.

The burden is on the plaintiff, not on the defendants, to schedule the meeting which may be conducted in person or by telephone. After the meeting the parties are to prepare a joint status report which is to be filed prior to the Rule 16 Conference. To further assist the parties in preparing this Joint Status Report, the format for the Joint Status Report is laid out in detail.

Rather than make any good-faith effort to attempt to comply with the court's order, defendants Derek and Lynn Gendron have simply refused to cooperate, insisting on appearing before the court prior to trying to draft a scheduling order, rather than the other way around. *See* defendants' email to plaintiff's counsel, attached as Exhibit B to plaintiff's proposed status report filed October 14, 2008.

Other than making a blanket assertion that they do not understand and do not have the capacity to digest what is written in the order, defendants have made no attempt to point out where the order is confusing to them. Nor have they made even a minimal attempt to comply with the order setting the Rule 16 scheduling conference.[1] Therefore, the court finds these motions totally devoid of merit and, accordingly, both motions are DENIED. Defendants shall appear in person at the time scheduled for the Rule 16 scheduling conference. At that time, the court will attempt to address any legitimate concerns raised by any of the parties, and shall draft a scheduling order (also known as a case management order) to govern further pretrial proceedings in this case.

---

[1] To date, these two defendants have managed to file responsive pleadings to the complaint, as well as an additional 15 motions.

IT IS SO ORDERED.


Dated:  October 17, 2008                                        /s/ Hugh W. Brenneman, Jr.
                                                                HUGH W. BRENNEMAN, JR.
                                                                United States Magistrate Judge