UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KWIK-SEW PATTERN CO., INC.,

       Plaintiff,                                  Case No. 1:08-CV-309

v.                                                      Hon. Gordon J. Quist

DEREK GENDRON, et al,

       Defendants.
_____/

**ORDER DENYING MOTIONS TO ALLOW ELECTRONIC FILING
BY *PRO SE* DEFENDANTS**

Defendants Derek and Lynn Gendron have filed similar motions to allow them to electronically file and serve their documents (docket nos. 80 and 84, respectively). Both defendants are *pro se* and say that it is an "extreme hardship" to drive or get a ride from Kentwood, Michigan, where they live, to Grand Rapids, "for multiple weekly filings and for paying for parking." Derek Gendron states that "Kentwood to Grand Rapids downtown is a great distance."[1]

Rule 5(d)(3), Federal Rules of Civil Procedure, provides that a court may, by local rule, allow papers to be filed, signed or verified by electronic means. This court has adopted a local rule which requires attorneys practicing in this court to register to file and serve documents electronically by the electronic case filing (ECF) system maintained by the court. *See generally*, W.D.Mich. LCivR 5.7, et al. To be entitled to register as a user of the ECF system, an attorney must

---

[1] In reality, Kentwood is contiguous to Grand Rapids. Defendant's home in Kentwood is within the beltline that surrounds greater Grand Rapids, and suburban Kentwood is served by the Grand Rapids bus system.

be admitted to practice in this district, be a member in good standing, and have filed with the Clerk a completed ECF Attorney Registration form. In addition, the attorney must have a Public Access to Court Electronic Records (PACER) account and email address. *Id.* Defendants are not attorneys and this court has not adopted a local rule that would allow *pro se* parties to file, sign or verify papers electronically. The defendants may, however, access and download any electronically-stored document as provided in W.D. Mich. LCivR 5.7(j).

Even were the court to accept, *arguendo*, the specious argument that it is an extreme hardship to be required to drive across town and pay parking to file papers in this court, defendants remain free to mail in their motions to the court rather than hand-carry them. This is a method they are well aware of, having mailed documents on previous occasions in this case. In fact, both defendants in their motions acknowledge their ability to file documents by mail with this court.

Finally, the fact that the court has adopted an electronic case filing rule for attorneys in no way disenfranchises *pro se* defendants, who file documents in the traditional manner which continues to work well and which protects all of their rights. Defendants' request for additional days for filing documents by mail has long since been addressed and accommodated by the federal rules. *See, e.g.,* Rule 6, F.R.C.P.

The motions are DENIED.


Dated: October 17, 2008                    /s/ Hugh W. Brenneman, Jr.
                                           HUGH W. BRENNEMAN, JR.
                                           United States Magistrate Judge