UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KWIK-SEW PATTERN CO., INC.,

    Plaintiff,

v.                                                                                          Case No. 1:08-CV-309

DEREK GENDRON, LYNN GENDRON,                      HON. GORDON J. QUIST
DEGE NETWORK LLC d/b/a
MONSTERPATTERNS.COM, and
PROGRESSIVE DATA TECH LLC,

    Defendants.
_____/

## MEMORANDUM ORDER

Plaintiff filed its complaint in this case on April 2, 2008, alleging that Defendants DeGe Network LLC d/b/a Monsterpatterns.com ("DeGe") and Progressive Data Tech LLC ("Progressive") infringed Plaintiff's federally registered KWIK SEW trademark. In particular, Plaintiff alleged that Defendants infringed Plaintiff's marks through their use in commerce of KWIK SEW and the <kwiksewpattern.com> domain name. Plaintiff also alleged that DeGe and Progressive controlled the <monsterpatterns.com> domain name and used the KWIK SEW mark on that website and that, for some period of time, the <kwiksewpattern.com> site forwarded users to <monsterpatterns.com>.

Plaintiff filed its complaint in this case on April 2, 2008, and served DeGe's resident agent, Defendant Derek Gendron, on May 19, 2008. On June 11, 2008, the Court granted DeGe's request for a thirty-day extension of time to answer. However, DeGe did not answer within that time, nor has it filed an answer to date. The Clerk entered a default against DeGe on August 5, 2008.

Plaintiff served Progressive on July 1, 2008, as permitted by the Court's June 27, 2008 Order. On July 25, 2008, the Court granted Progressive's motion to extend the time to file an

answer in order to allow Progressive to secure counsel, but allowed only until August 15, 2008, rather the sixty-day extension Progressive requested. Progressive failed to answer by that date and has not filed an answer to date. On September 5, 2008, the Clerk entered a default against Progressive.

Defendants are limited liability companies and, therefore, are not minors, incompetent persons, or current members of the military service. Fed. R. Civ. P. 55(b); 50 App. U.S.C. § 521. *See also Bd. of Trs. of the Sign Pictorial & Display v. Preferred Exhibitor Serv.*, No. C-04-2826 MJJ, 2005 WL 43958, at *1 (N.D. Cal. Jan. 10, 2005) ("As a corporation, Defendant is not a unrepresented minor, an incompetent person, or a person in military service."). It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). Therefore, by their defaults, Defendants have admitted all the factual allegations in the complaint. However, a default does not necessarily entitle the plaintiff to the relief sought. *See DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (stating that before granting a default judgment, "the court must consider whether the allegations in the [] complaint – and the reasonable inferences derived therefrom – state a claim for relief"). More specifically, a court may not enter default judgment upon a legally insufficient claim. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, (9th Cir. 1988). *See also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").

Based upon its review of the allegations in the complaint as well as the exhibits attached to the complaint, Plaintiff has established claims against Defendants for trademark infringement

(Counts I and II) under 15 U.S.C. § 1114(1) and unfair competition (Counts V and VI) under 15 U.S.C. § 1125(a).

Plaintiff seeks statutory damages under 15 U.S.C. § 1117(d), which provides damages for federal cyberpiracy under the Anticybersquatting Consumer Protection Act ("ACPA"), Pub. L. No. 106-113, 113 Stat. 1501 (1999), codified as 15 U.S.C. § 1125(d)(1). Section 1117(d) states that in a case of violation of § 1125(d)(1), "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." The problem with this request is that Plaintiff has not alleged a claim for cyberpiracy under § 1125(d)(1). The complaint does not reference this section specifically or by general reference to a claim for cyberpiracy. Nor does the complaint allege the elements of a claim under the ACPA. *See Popular, Inc. v. Stout*, NO. 6:06-cv-1218-Orl-18JGG, 2007 WL 44777, at *3 (M.D. Fla. Jan. 5, 2007) Therefore, in its present form, the complaint does not provide a basis for an award of statutory damages under 15 U.S.C. § 1117((d).

Plaintiff also requests treble damages pursuant to 15 U.S.C. § 1117(a) and (b). Presently, however, there is no basis for trebling damages under § 1117(a), and § 1117(b) does not apply to the claims in this case. Section 1117(a) governs awards of profits and actual damages. Although treble damages may be awarded under that section, *see U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 19997), Plaintiff has failed to offer any evidence establishing Defendants' profits or Plaintiff's actual damages. Section 1117(b) cannot serve as a basis for treble damages in this case because it applies to claims for intentionally using a counterfeit mark – a claim not alleged in this case. *See Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 591-92 (7th Cir. 2007). Moreover, even if Plaintiff had alleged a claim under the ACPA, Plaintiff has failed to

3

cite any authority, and the Court has found none, for the trebling of statutory damages awarded under § 1117(d).

While Plaintiff has sufficiently alleged claims for trademark infringement and unfair competition, Plaintiff has failed to establish any basis for an award of damages under § 1117(a). For present purposes, the Court will grant Plaintiff's requests for entry of default judgment against Defendants with regard to liability on Plaintiff's claims for trademark infringement and unfair competition (Counts I, II, V, and IV). Plaintiff must submit evidence establishing Defendants' profits or Plaintiff's actual damages in order for the Court to enter a monetary award. After Plaintiff furnishes that information, the Court will enter a final default judgment for damages, attorney fees, interest, and injunctive relief. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Request For Entry Of Default Judgment Against Defendant Dege Network LLC d/b/a Monsterpatterns.com (docket no. 31) and Plaintiff's Request For Entry Of Default Judgment Against Defendant Progressive Data Tech LLC (docket no. 51) are **granted** with regard to liability on Plaintiff's claims for trademark infringement and unfair competition in Counts I, II, V and IV of the complaint.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Order, Plaintiff shall submit evidence establishing Defendants' profits or Plaintiff's actual damages in order for the Court to enter a monetary award.

Dated:  November 19, 2008                    /s/ Gordon J. Quist
                                                                                             GORDON J. QUIST
                                                                     UNITED STATES DISTRICT JUDGE