UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KWIK-SEW PATTERN CO., INC.,

    Plaintiff,

v.                                                                                                  Case No. 1:08-CV-309

DEREK GENDRON, LYNN GENDRON,                                  HON. GORDON J. QUIST
DEGE NETWORK LLC d/b/a
MONSTERPATTERNS.COM, and
PROGRESSIVE DATA TECH LLC,

    Defendants.
_____/

## MEMORANDUM ORDER

    Presently before the Court is Plaintiff's motion for judgment on the pleadings against Defendant Lynn Gendron and motion to strike and dismiss her counterclaims, or in the alternative, to require a more definite statement.  By Order entered July 25, 2008, the Court granted Lynn Gendron's motion to enlarge the time to file her answer by allowing her until August 15, 2008, to answer the complaint.  On August 15, 2008, Lynn Gendron filed her answer, in which she merely stated that she "denies any allegations of wrongdoing."  She also asserted counterclaims against Plaintiff and various members of the law firm McGarry Bair PC, which represents Plaintiff in this case.

    In its present motion, Plaintiff contends that Lynn Gendron's answer fails to comply with the rules of pleading set forth in Fed. R. Civ. P. 8(b).  Plaintiff therefore requests that the Court strike Lynn Gendron's answer, deem the allegations in the complaint admitted, and enter judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) against Lynn Gendron.  Lynn Gendron has not responded to the motion.

Pursuant to Rule 8(b)(1)(B), a defendant responding to a complaint must either "admit or deny the allegations asserted against it by an opposing party." If a defendant wishes to deny an allegation, the "denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Rule 8(b)(3) provides for both general and specific denials as follows:

> **(3)** **General and Specific Denials.** A party that intends in good faith to deny all the allegations of a pleading–including the jurisdictional grounds–may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Finally, an allegation is deemed "admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

Lynn Gendron's denial of "any allegations of wrongdoing" is neither a specific denial because it does not deny specific allegations, nor a general denial because, apart from her denial of wrongdoing, there is no indication that Lynn Gendron intended to deny all of the allegations, including those relating to jurisdiction and venue. Nor is there any indication that Lynn Gendron intended to deny all of the various factual allegations. Thus, Lynn Gendron's answer does not meet the pleading requirements of Rule 8(b) and is not helpful in framing the issues. *See SEC v. Randy*, No. 94 C 5902, 1995 WL 616788, at *4 (N.D. Ill. Oct. 17, 1995). While the Court agrees with Plaintiff that Lynn Gendron's answer should be stricken, the Court will afford her one final opportunity to properly answer the complaint by specifically responding to each of the numbered paragraphs of the complaint by admitting, denying, or stating that she lacks sufficient knowledge or information to form a belief about the truth of the allegation. Alternatively, she may generally deny all allegations except those specifically admitted.

Plaintiff also asserts that Lynn Gendron's counterclaims against Plaintiffs' counsel and their law firm should be stricken pursuant to Rule 12(f) because the purported counterclaims are against

non-parties, and Rule 13 allows only counterclaims against an "opposing party." With regard to the counterclaims against Plaintiff, Plaintiff contends that dismissal pursuant to Fed R. Civ. P. 12(b)(6) is appropriate because the allegations of misconduct or unethical behavior fail to state a claim. The Court agrees on both points. First, any purported counterclaim against Plaintiffs' counsel and the members of that law firm is improper because they are not parties to this litigation, and Lynn Gendron has not moved for joinder pursuant to Rules 19 or 20. Even had she moved for joinder, there is some question as to whether joinder would be proper. *See City of Rome v. Glanton*, 958 F. Supp. 1026, 1040 n.8 (E.D. Pa. 1997). In addition, the purported counterclaims could not withstand dismissal because they fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Second, the counterclaims against Plaintiff, as presently asserted, are subject to dismissal for failure to state a claim. However, the Court will order Lynn Gendron to file a more definite statement of her counterclaims pursuant to Rule 12(e) in order to allow her an opportunity to clarify the basis of her counterclaims against Plaintiff.

Finally, Lynn Gendron has filed a motion for clarification of the Court's September 19, 2008 Order, in which the Court instructed her to respond to Plaintiff's pending motion within the time allowed under Local Rule 7.2. Lynn Gendron states that she does not understand the reference to Local Rule 7.2 and asks where she can find it. Local Rule 7.2 governs the time for responding to dispositive motions, such as Plaintiff's motion for judgment on the pleadings. Pursuant to Local Rule 7.2(c), the time for responding is 28 days after service of the motion. Although *pro se* litigants are afforded leniency, they must still observe the procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). The Local Civil Rules of the Western District of Michigan can be found at http://www.miwd.uscourts.gov/RULES%20OPINIONS/local_civil_rules.htm.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment On The Pleadings Against Defendant Lynn Gendron And Motion To Strike And Dismiss Defendant Lynn Gendron's Counterclaims, Or In The Alternative, To Require A More Definite Statement (docket no. 55) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Lynn Gendron's answer (docket no. 42) is **stricken** as insufficient under Fed. R. Civ. P. 8(b).  Lynn Gendron shall have until **December 1, 2008,** to file an answer complying with Rule 8(b) as set forth above in this Memorandum Order.

2. Plaintiff's motion for judgment on the pleadings is **denied**.

3. Lynn Gendron's counterclaims against the law firm of McGarry Bair PC and its attorneys, including Robert J. Eleveld, Mary C. Bonnema, G. Thomas Williams, Eric McMasters, and Mark P. Kovalchuk, are **dismissed**.

4. Plaintiffs' motion to dismiss Lynn Gendron's counterclaims against Plaintiff for failure to state a claim is **denied** .  Plaintiff's motion for a more definite statement regarding the counterclaims is **granted**.  Lynn Gendron shall provide a more definite statement of the factual and legal basis of her counterclaims against Plaintiff by **December 1, 2008**.

**IT IS FURTHER ORDERED** that Defendant Lynn Gendron's Motion For Clarification (docket no. 82) is **GRANTED** as set forth above.

Dated:  November 19, 2008                     /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE