UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KWIK-SEW PATTERN CO., INC.,

    Plaintiff,

v.                                                                                                  Case No. 1:08-CV-309

DEREK GENDRON, LYNN GENDRON,                                    HON. GORDON J. QUIST
DEGE NETWORK LLC d/b/a
MONSTERPATTERNS.COM, and
PROGRESSIVE DATA TECH LLC,

    Defendants.
_____/

## MEMORANDUM ORDER

The Court has before it the following motions filed by *pro se* defendants Derek Gendron and Lynn Gendron: (1) Defendant Derek Gendron's motion for reconsideration on order denying motions for clarification and direction regarding order setting scheduling order; (2) Defendant Derek Gendron's motion for clarification on order denying motions to allow electronic filing by pro se litigants; (3) Defendant Derek Gendron's motion to recuse US Magistrate Judge Hugh W. Brenneman Jr. and Hon. Judge Gordon Quist; and (4) Defendant Lynn Gendron's motion to recuse US Magistrate Judge Hugh W. Brenneman Jr. and Hon. Judge Gordon Quist.

Derek Gendron's motions for reconsideration and clarification concern an order issued by Magistrate Judge Brenneman on October 17, 2008, denying Defendants' emergency motions for clarification and direction, as well as Magistrate Judge Brenneman's order entered on October 17, 2008, denying Defendants' motions to allow them to electronically file and serve their documents. Both motions were referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court considers Derek Gendron's motions for reconsideration and clarification as

appeals of the magistrate judge's orders, which are subject to the "clearly erroneous" standard set forth in 28 U.S.C. § 636(b)(1)(A).

In his October 17, 2008, Order, Magistrate Judge Brenneman noted that the order scheduling the Rule 16 conference was written in plain English and was not difficult to understand, even for *pro se* litigants. He further observed that Defendants' refusal to meet with Plaintiff's counsel evinced Defendants' unwillingness to cooperate. In his motion regarding that order, Derek Gendron says that he and his co-defendant, Lynn Gendron, are in fact attempting to cooperate and participate in the litigation, but that contrary to Magistrate Judge Brenneman's characterization, the order setting the Rule 16 conference is not easy to understand, especially for litigants such as Defendants who are not attorneys. For example, he asserts, paragraph 1 of the order states that the attorneys handling the matter for trial are required to appear at the scheduling conference, so by its own terms, says Gendron, the order instructs non-attorneys to not appear. This argument is frivolous and based upon an unreasonable reading of the order. As the magistrate judge noted in his October 17, 2008, Order, paragraph 4 of the order setting the scheduling conference requires "unrepresented parties," such as Defendants, to meet with opposing counsel prior to the scheduling conference to discuss scheduling matters. Defendants certainly understood this requirement; they simply refused to comply, stating they refused to meet with opposing counsel unless it was on the record or before a judge. Their concern in this regard rings hollow because, as the magistrate judge noted in his subsequent October 24, 2008, Order denying Derek Gendron's emergency motion for clarification, Derek and Lynn Gendron failed to appear at the Rule 16 conference on October 23, 2008, where they would have had an opportunity to meet with Plaintiff's counsel with a judge present. In short, the magistrate judge was not clearly erroneous that the order is written in terms that can be understood by attorneys and non-attorneys alike. Therefore, this motion will be denied.

In his motion for clarification regarding Magistrate Judge Brenneman's October 17, 2008, Order denying Defendants' request to allow them to electronically file, Derek Gendron inquires why a magistrate judge ruled on his motion, whether Defendants can mail all of their motions, briefs, and other papers for filing by the Clerk, and whether when filing documents by mail, Defendants have additional time not afforded attorneys who electronically file documents.

The magistrate judge properly denied Defendants' motion to allow them to electronically file because they are not attorneys admitted to practice in this district.  He did note that Defendants may download electronically-stored documents and can still file by mail, which does not impose an undue hardship upon Defendants.  Derek Gendron is thus correct in his understanding that no provisions have been made for electronic filing by a *pro se* litigant, whether plaintiff or defendant. Regarding the time for filing documents, all parties are bound by the deadlines set forth in the Case Management Order and by the briefing deadlines set forth in the local rules for various motions that may be filed.  The fact that Defendants are required to mail or hand deliver their filings to the Clerk does not seem to have imposed any hardship upon Defendants thus far, as demonstrated by the numerous motions they have filed in this matter, and it should pose no difficulty for Defendants in the future.  If circumstances reasonably preclude Defendants from making a timely filing, they can always request the Court to grant a reasonable extension of time if they can provide a reasonable basis for the extension.  Finally, as mentioned above, this Court referred Defendants' motions to the magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

Defendants Derek and Lynn Gendron have filed identical motions that the undersigned and Magistrate Judge Brenneman recuse.  Motions to recuse are governed by 28 U.S.C. § 455(a), which provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Subsection (b) of § 455

3

describes five specific circumstances in which a judge must recuse, but Defendants do not specify which circumstance might apply. Based upon Defendants' statements in their motions, the Court understands Defendants' argument as being that this Court and the magistrate judge have a personal bias or prejudice concerning Defendants, as set forth in 28 U.S.C. § 455(b)(1).

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted). *See also Hall v. Dworkin*, 829 F. Supp. 1403, 1408 (N.D.N.Y. 1993) (noting that "there is a 'substantial burden' on the moving party to demonstrate that the judge is not impartial"). Whether a motion to recuse should be granted is a matter committed to the district court's discretion. *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005).

The Sixth Circuit applies an objective standard to recusal under § 455. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). "A district judge is required to recuse himself only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* (internal quotations omitted). When § 455(b)(1) is urged as the basis for recusal, "the issue is whether 'a reasonable person would be convinced the judge was biased.'" *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis., Inc.*, 991 F.2d 1249, 1255 (7th Cir. 1993) (citations omitted)). Generally, "'[p]ersonal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003). However, the Supreme Court has held that an extrajudicial source (as opposed to one arising out of events occurring during the proceedings) bearing on a judge's opinion is neither necessary nor sufficient for recusal under § 455(a) or (b)(1),

"since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice," and "*some* opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will *not* suffice." *Liteky v. United States*, 510 U.S. 540, 554, 114 S. Ct. 1147, 1157 (1994). The Court in *Liteky* also set forth the following observations:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

*Id.* at 555-56, 114 S. Ct. at 1157.

The sole basis for Defendants' assertion of bias is that the Court has denied Defendants counsel, yet insists upon holding Defendants to the same standards as attorneys, both with regard to the interpretation of the Court's orders and with regard to deadlines for filing responses and other papers. In short, Defendants complain that the Court is not being sufficiently lenient and/or patient with them as *pro se* Defendants. This, however, is not an assertion of bias; it is a suggestion that Defendants should be treated more favorably than parties represented by counsel.

While it is true that courts must afford *pro se* litigants "the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), in the Sixth

5

Circuit, "[o]rdinary civil litigants proceeding *pro se* . . . are not entitled to special treatment, including assistance in regard to responding to depositive (sic) motions." *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003). *See also Commodity Futures Trading Comm'n v. Foreign Fund*, No. 3:04-0898, 2007 WL 1850007, at *3 n.1 (M.D. Tenn. June 25, 2007) ("Under Sixth Circuit law, non-prisoner *pro se* litigants receive no leniency for failing to comply with the Federal Rules of Civil Procedure, such as Rule 56 governing summary judgment motions."). Thus, neither this Court, nor Magistrate Judge Brenneman, is required to make special accommodations for *pro se* litigants such as Defendants.

This Court has twice denied Defendants' requests for counsel upon the grounds that there is no constitutional right to counsel in a civil case and Defendants appear to be capable of representing themselves in this case. In a perfect world, all litigants would be entitled to counsel. However, this district does not have at its disposal a stable of lawyers ready and willing to answer the call every time a *pro se* litigant requests counsel. This being the case, Defendants will simply have to accept and make the best of their circumstances. This means that Defendants will be required to comply with the Court's orders, which Magistrate Judge Brenneman accurately described as being written in "plain English," and, when ordered to be present for a status conference or other proceeding, will be expected to attend. Otherwise, as Magistrate Judge Brenneman pointed out in his October 24, 2008, Order, they will be subject to the same array of sanctions as any other non-compliant litigant, represented or not, before this Court. Therefore,

**IT IS HEREBY ORDERED** that Defendant Derek Gendron's Motion For Reconsideration On Order Denying Motions For Clarification And Direction Regarding Order Setting Scheduling Order (docket no. 97) and Defendant Derek Gendron's Motion For Clarification On Order Denying Motions To Allow Electronic Filing By Pro Se Litigants (docket no. 99) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Derek Gendron's and Defendant Lynn Gendron's Motions To Recuse US Magistrate Judge Hugh W. Brenneman Jr. And Hon. Judge Gordon Quist (docket nos. 102 and 104) are **DENIED**.


Dated:  November 19, 2008                                  /s/ Gordon J. Quist
                                                                                 GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE