UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KWIK-SEW PATTERN CO., INC.,

    Plaintiff,

v.                                                          Case No. 1:08-CV-309

DEREK GENDRON, LYNN GENDRON,                 HON. GORDON J. QUIST
DEGE NETWORK LLC d/b/a
MONSTERPATTERNS.COM, and
PROGRESSIVE DATA TECH LLC,

    Defendants.
_____/

**MEMORANDUM ORDER**

      The Court has before it Plaintiff's Motion to Strike or Dismiss Proposed Joinder and Claims/Counterclaims Against Non-Parties and to Strike or Dismiss Claims/Counterclaims Against Plaintiff Kwik•Sew Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). Defendant Lynn Gendron, to whom the motion is directed, has not filed a response within the time permitted by W.D. Mich. LCivR 7.2(c). For the reasons set forth below, the Court will grant the motion.

      On November 19, 2008, the Court entered a Memorandum Order: (1) striking Defendant Lynn Gendron's answer as insufficient under Fed. R. Civ. P. 8(b) but granting her until December 1, 2008, to file an answer complying with Rule 8(b); (2) denying Plaintiff's motion for judgment on the pleadings; (3) dismissing the purported counterclaims against Plaintiff's counsel and the members of that law firm because they were not parties to the case, Lynn Gendron had failed to move for joinder, and the purported counterclaims failed to state a claim; and (4) dismissing the counterclaims against Plaintiff for failure to state a claim and requiring Lynn Gendron to provide a more definite statement of the factual and legal basis of her counterclaims by December 1, 2008.

In accordance with the November 19, 2008, Memorandum Order, Lynn Gendron filed her answer on December 1, 2008. She also filed several counterclaims against Plaintiff and purported to join and assert counterclaims against Plaintiff's counsel, including the law firm McGarry Bair PC and individual attorneys Robert J. Eleveld, Mary C. Bonnema, G. Thomas Williams, Eric McMasters, Mark P. Kovalchuk, and "various trust accounts and others to be named as they are revealed" (the "Non-Parties"). (Answer at 18, docket no. 111.) Plaintiff moves for dismissal of the asserted counterclaims on a number of grounds.

Regarding the Non-Parties, dismissal is proper pursuant to Fed. R. Civ. P. 12(f) for several reasons. First, the Court previously dismissed the purported counterclaims against Plaintiff's law firm and counsel on the grounds that they are not parties to the case and Lynn Gendron failed to move for joinder pursuant to Rules 19 or 20 of the Federal Rules of Civil Procedure. Second, any request for joinder of the Non-Parties is untimely because the deadline for joinder in the Case Management Order was November 28, 2008, and Lynn Gendron has failed to show good cause for extending the deadline pursuant to Fed. R. Civ. P. (b)(4). Finally, even if timeliness were not an issue, Lynn Gendron has failed to properly move for joinder or show that joinder, either compulsory or permissive, would be proper.

Dismissal is also proper under Fed. R. Civ. P. 12(b)(6) because the counterclaims fail to state a claim. In light of Lynn Gendron's failure to respond, the Court finds it unnecessary to exhaustively discuss the shortcomings of the counterclaims. Rather, a short statement for each counterclaim will suffice. First, the unjust enrichment counterclaim fails because it fails to allege how Plaintiff or the Non-Parties are being enriched. Second the negligence/malicious prosecution counterclaim fails because it does not allege or show that Plaintiff or the Non-Parties owed Lynn Gendron a duty or breached any duty, nor does it allege any of the elements of a malicious prosecution claim. Third, the slander/libel counterclaim fails because it does not allege any element

2

of a defamation claim, including a false and defamatory statement concerning Lynn Gendron. Fourth, the counterclaim captioned "Negligible Infliction of Emotional Distress" fails because it does not allege the elements of such a claim. Fifth, the counterclaim for unfair and deceptive trade practices fails because it cites no legal basis for the claim and makes only vague references to Plaintiff's false statements and misrepresentation in the complaint "and abroad" causing confusion and misunderstanding, diluting "the legal process and market share," and deceiving the Court and "possibly the shareholders," that do not give rise to a claim. (*Id.* at 22.) Sixth, the abuse of process counterclaim fails because it does not allege the elements of such a claim and, moreover, Lynn Gendron's allegation that she is immune from Plaintiff's claims under the Digital Millennium Copyright Act is irrelevant because this is an action for trademark infringement, not copyright infringement. Seventh, the civil conspiracy counterclaim fails because it does not allege a combination of two or more persons to accomplish a criminal or unlawful purpose or to accomplish a lawful purpose by criminal or unlawful means. Finally, the counterclaim for "Prima Facie Tort" fails because it is not a cognizable claim.

For the same reasons stated above, the counterclaims, to the extent asserted against Plaintiff, also fail to state a claim. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion To Strike Or Dismiss Proposed Joinder And Claims/Counterclaims Against Non-Parties And To Strike Or Dismiss Claims/Counterclaims Against Plaintiff Pursuant To Fed. R. Civ. P. 12(b)(6) And 12(f) (docket no. 119) is **GRANTED**. Defendant Lynn Gendron's attempted joinder of and counterclaims against the Non-Parties are **stricken** and her counterclaims against Plaintiff are **dismissed** for failure to state a claim.

Dated:  February 5, 2009                    /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE